# UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF VIRGINIA
### NORFOLK DIVISION

|  |  |
|---|---|
| In re: | ) |
|  | ) Case No. 16-70995-FJS |
| LOREN GENE HINGER, | ) |
| VICKY LYNN HINGER, | ) |
|  | ) Chapter 13 |
| *Debtors*. | ) |

## ORDER TO SHOW CAUSE AS TO GENENE E. GARDNER

The Debtors, by counsel, commenced the above-captioned chapter 13 case with the filing of a voluntary petition on March 23, 2016. R. Clinton Stackhouse, Jr. was appointed as the Chapter 13 Trustee following the filing of the case, and he remains the Chapter 13 Trustee in this case. The Court confirmed the Debtors' amended chapter 13 plan, filed on July 21, 2016, by order entered September 20, 2016 (the "Confirmation Order"). The confirmation of the plan approved the $5,100 no-look fee election made by Debtors' counsel[1] pursuant to Local Bankruptcy Rule 2016-1(C)(3)(a)(i). The Confirmation Order remains in effect, and the Debtors are proceeding under the terms of their chapter 13 plan.

On July 24, 2018, the Debtors, by counsel, filed a motion seeking to incur debt to purchase an air conditioning unit (the "Motion"). The Motion requests approval of two things: (1) to permit Mr. Hinger to incur a 401(k) loan with a principal balance of $4,990 and interest at six percent (the "401(k) Loan"); and (2) to permit the Debtors to use the proceeds of the 401(k) Loan to purchase an air conditioning unit from A-1 American, for a total price of $5,250, with the Debtor's to fund the difference between the loan amount and the purchase price with their contingency expense.

---

[1] The attorney who filed this case, Meredith (Fiori) Fletcher, withdrew from the case on February 24, 2017, with Genene E. Gardner substituted as counsel for the Debtors.

The Motion further provided that the Debtors would maintain their plan payments by making the $44.48 biweekly payments on the 401(k) Loan from funds in their budget allotted to entertainment. The Motion includes as exhibits a work estimate from A-1 American, dated July 9, 2018 (the "Work Estimate"), and a loan confirmation for the 401(k) Loan from Mr. Hinger's employer (the "Loan Confirmation"). Having received no objections or responses to the Motion, a proposed order granting the Motion was tendered for the Court's consideration with Ms. Gardner's and the Chapter 13 Trustee's endorsements, which order is attached hereto as Exhibit A (the "Proposed Order").

The Court reviewed the underlying Motion in connection with its consideration of the Proposed Order. The Court's review of the Loan Confirmation attached to the Motion revealed that the $4,990 401(k) Loan transaction occurred on July 12, 2018, nearly two weeks prior to the filing of the Motion. The Loan Confirmation attached to the Motion provides in relevant part:

> You have completed this transaction on July 12, 2018 2:33:49 PM EDT. Transactions completed before 4:00 PM EDT or the close of the New York Stock Exchange will be reflected in your account next business day. You may cancel this transaction before that time by selecting this transaction again.
>
> Your transaction will be reflected in your Motorola Solutions 401(K) Plan account on July 13, 2018.

Loan Confirmation at 1, ECF No. 36-1. On the basis of this exhibit and given that the purpose of the 401(k) Loan was solely to fund the purchase of an air conditioning unit, it appeared to the Court that Mr. Hinger had likely obtained the 401(k) Loan and purchased the air conditioning unit prior to the filing of the Motion. Accordingly, the Court determined a hearing must be set on the Motion.

The Debtors' actions in this matter are governed by the language of their confirmed plan and the Confirmation Order. The confirmed plan, filed on July 21, 2016, provides as follows in Paragraph 10:

> Incurrence of indebtedness. The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

Amended Chapter 13 Plan ¶ 10, ECF No. 27. The Confirmation Order sets forth the Debtors' obligations with respect to the acquisition of personal property as follows:

> It is ordered that . . . [t]he Debtor(s) not . . . acquire . . . tangible personal property in excess of $5,000 in value, without first sending to the Chapter 13 Trustee notice and complete disclosure of the proposed . . . purchase . . . , affording the Trustee 30 days to request a hearing.

Confirmation Order at 2, ECF No. 29. Accordingly, while the amount of the 401(k) Loan is just under $5,000, the Debtors were required to fully disclose the transaction prior to its consummation because the value of the personal property to be acquired with the proceeds of the loan exceeds $5,000. It appeared to the Court that the Motion, which provided notice of the purchase of the personal property, was not filed until after Mr. Hinger had already received the proceeds of the 401(k) Loan and purchased an air conditioning unit.

The Court convened a hearing on the Motion on October 2, 2018, at which Heather Silkstone appeared for the Debtors, along with Mr. Hinger and Kelly Barnhart, counsel for the Chapter 13 Trustee. At the hearing, Mr. Silkstone represented that Genene Gardner was the attorney advising the Debtors on this matter and that there was a question as to whether she had advised the Debtors to take out the 401(k) Loan in an amount less than $5,000 and purchase the air conditioning unit. *See* Tr. of Oct. 2, 2018 Hr'g at 3:23-4:2. Based upon those representations,

3

the Court determined the hearing must be continued so that Ms. Gardner could appear. *Id.* at 4:6-6.

At the continued hearing held on October 23, 2018, Ms. Gardner appeared and confirmed that she had advised the Debtors to borrow $4,990 from Mr. Hinger's 401(K) to purchase the air conditioning unit. *See* Tr. of Oct. 23, 2018 at 2:25-3:10, 5:1-5. Ms. Gardner further acknowledged that her advice was in error because she was focused only on the loan amount, and that she should not have advised the Debtors to proceed with the purchase of the air conditioning unit. *Id.* at 5:3-5 ("I did focus on the loan amount in giving Mr. Hinger the advice to get the unit. I know now that that was not the right thing to do."); *id.* at 7:5-8 ("I wish I had not given the advice to Mr. Hinger to go ahead and get the unit. I made a mistake. It certainly would not ever happen again.")

At the hearing, Ms. Gardner further advised that she learned from Mr. Hinger approximately two weeks earlier that he had not in fact acquired the air conditioning unit from A-1 American on the terms set forth in the Motion. *Id.* at 5:6-20. Instead, an A-1 American technician offered to provide the air conditioning unit through his own separate company for only $4,000, rather than $5,250. *Id.* at 9:24-10:16. Ms. Gardner stated that she did not advise the Court upon learning this information from her client because she "wanted to wait until this hearing to see what [the Court] wanted to do with that . . . ." *Id.* at 5:17-18. On the basis of these representations and to avoid causing further stress to the Debtors, the Court determined that Ms. Gardner would be permitted to withdraw the Motion on the basis that the actual purchase price of the air conditioning unit was only $4,000. *Id.* at 13:18-23.

The Court cannot, however, overlook the fact that Ms. Gardner improperly advised the Debtors to proceed to purchase an air conditioning unit, which she believed to be valued at $5,250, without first disclosing the proposed purchase as required under the Confirmation Order. The

Court also cannot overlook that Ms. Gardner submitted papers to the Court in this matter containing material misstatements of fact.

Local Bankruptcy Rule 2090-1(I) provides that the Virginia Rules of Professional Conduct set the ethical standards governing the practice of law before this Court. LBR 2090-1(I). An attorney who commits an act or omission in violation of the Virginia Rules of Professional Conduct may be subject to the imposition of discipline by the Court after notice and an opportunity to be heard. LBR 2090-1(I)(1)-(2). The Local Bankruptcy Rules in no way limit the Court's inherent authority under 11 U.S.C. § 105(a) or under Federal Rule of Bankruptcy Procedure 9011 to discipline or sanction attorneys. LBR 2090-1(I).

The matters of concern to the Court in this matter relate to (1) Ms. Gardner's advice to her clients to proceed with the purchase of the air conditioning unit, which she understood to be valued at $5,250, in violation of the Confirmation Order, and (2) Ms. Gardner's submission of a Motion and Proposed Order to the Court which both contained material misstatements of fact concerning the purchase of the air conditioning unit.

With respect to the first issue, Ms. Gardner's advice to the Debtors regarding the purchase of the air conditioning unit implicates Virginia Rule of Professional Conduct 1.1. Rule 1.1 provides that "[a] lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Va. Sup. Ct. R., Pt. 6, § II, R. 1.1. Legal knowledge and skill are the aspects of competence at issue in this matter, and are at the heart of the attorney-client relationship. *See Commonwealth v. Jones & Robins*, 41 S.E.2d 720, 723 (Va. 1947) ("[T]he relation of attorney and client exists, and one is deemed to be practicing law, whenever he furnishes to another advice or service under circumstances which imply his possession and use of legal

5

knowledge or skill."). Further, legal knowledge and skill are essential to the presumption of reasonableness underlying the no-look fee set forth in Local Bankruptcy Rule 2016-1(C)(1)(a). *See In re Beale,* 553 B.R. 69, 80 (Bankr. E.D. Va. 2016). In furtherance of the Court's duty to review compensation under 11 U.S.C. § 330, Local Bankruptcy Rule 2016-1(C)(3)(a)(v) permits the Court to suspend the no-look fee in furtherance of its statutory duties to determine the reasonableness of compensation. *Id.* at 79.

Here, the Debtors sought advice from Ms. Gardner concerning their need to purchase an air conditioning unit, clearly in reliance on her expertise in bankruptcy law and ability to exercise her professional judgment to solve their problem within confines of the law and the rules. The Court acknowledges that Ms. Gardner was undoubtedly motivated to solve her clients' problem—lack of air conditioning in the height of the summer—as expediently as possible. However, it appears to the Court that, in her efforts to quickly resolve her clients' issue, she advised her clients to proceed with the purchase of a $5,250 air conditioning unit in violation of the Confirmation Order. Ms. Gardner represented to the Court that her advice was only simple negligence, resulting from her singular focus on the 401(k) Loan amount. However, clients must be able to look to their lawyers to exercise their professional judgment for their protection, and mistakes arising from a lawyer's failure to understand the applicable law and rules can place the client at greater risk. Ms. Gardner's misguided advice put her clients at risk because they were advised proceed with the purchase of the air conditioning unit for $5,250 in violation of their legal responsibilities under the Confirmation Order.

Accordingly, the Court finds that Ms. Gardner should appear and show cause (1) why advising her clients to purchase an air conditioning unit believed to be valued at $5,250 prior to filing the Motion does not rise to the level of a violation of Virginia Rule of Professional Conduct

1.1, such that she may be subject to discipline for misconduct under Local Bankruptcy Rule 2090-1(I); and (2) why the court should not suspend the no-look fee in this case or in all cases filed by Ms. Gardner, and/or require the disgorgement of some or all of the compensation in this case, in accordance with its duty to determine the reasonableness of the compensation awarded in this case and future cases filed by Ms. Gardner.

Turning to the representations in the Motion and Proposed Order concerning terms of the purchase of the air conditioning unit, the factual allegations in these papers implicate Federal Rule of Bankruptcy Procedure 9011. Rule 9011 provides in relevant part as follows:

> (b) By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> . . .
>
> (3) the allegations and other factual contentions have evidentiary support . . . .

Fed. R. Bankr. P. 9011(b)(3). The Court is authorized to impose sanctions for violations of Rule 9011 *sua sponte* by entering an order "describing the specific conduct that appears to violate subdivision (b) and directing the attorney . . . to show cause why it has not violated subdivision (b) with respect thereto." Fed. R. Bankr. P. 9011(c)(1)(B). The broad sanctions available to the Court are set forth in Federal Rule of Bankruptcy Procedure 9011(c)(2).

In this case, Ms. Gardner filed the Motion after the Debtors completed the 401(k) Loan transaction and proceeded to purchase the air conditioning unit. The Work Estimate listed a price of $5,250 for the air conditioning unit. The Work Estimate is dated July 9, 2018, which is three days prior to the completion of the 401(k) Loan transaction, and approximately two weeks prior to the filing of the Motion. Ms. Gardner appears to have relied solely on the Work Estimate in

7

drafting the pleading. Additionally, the Proposed Order approving the transaction, which Ms. Gardner tendered to the Court weeks after filing the Motion, was consistent with allegations in the Motion that the Debtors sought to purchase the air conditioning unit from A-1 American for $5,250. However, based upon the representations by Mr. Hinger and Ms. Gardner at the hearing on October 23, 2018, the air conditioning unit that the Debtors ultimately purchased was valued at only $4,000, and they did not purchase it from the company that prepared the Work Estimate. Therefore, it appears to the Court that there was no basis in fact for the terms of the purchase set forth in the Motion or Proposed Order at the time Ms. Gardner submitted them to the Court.

The facts here do not suggest to the Court that Ms. Gardner knew the Motion and Proposed Order contained misstatements of fact at the time of their submission. Rather, the central issue is whether Ms. Gardner made the inaccurate factual allegations on the basis of a reasonable inquiry. *See* Fed. R. Bankr. P. 9011(b). Here, it appears that if, prior to filing the Motion or tendering the Proposed Order, Ms. Gardner had conducted an inquiry into the purchase beyond review of the Work Estimate, she would have discovered that Debtors had consummated a materially different transaction for the purchase of an air conditioning unit. Instead, she was unaware of the true nature of the transaction until approximately two and a half months after the Motion was filed. The Court must determine whether Ms. Gardner's inquiry into the facts in this matter prior to submitting the Motion and Proposed Order to the Court was reasonable under the circumstances. Accordingly, the Court finds that Ms. Gardner should appear and show cause why should not be sanctioned as set forth in Federal Rule of Bankruptcy Procedure 9011(c)(2) for violating Federal Rule of Bankruptcy Procedure 9011(b)(3) by submitting the Motion and Proposed Order to the Court, which contained inaccurate factual representations regarding the purchase of the air conditioning unit.

Accordingly, the Court ORDERS that Genene E. Gardner, Esquire, appear at the **United States Bankruptcy Court, Courtroom Two, Fourth Floor, 600 Granby Street, Norfolk, Virginia**, at **11:00 a.m.** on **December 4, 2018,** and show cause:

(1) why advising her clients to purchase an air conditioning unit believed to be valued at $5,250 prior to filing the Motion does not rise to the level of a violation of Virginia Rule of Professional Conduct 1.1, such that she may be subject to discipline for misconduct under Local Bankruptcy Rule 2090-1(I);

(2) why advising her clients to purchase an air conditioning unit believed to be valued at $5,250 prior to filing does not justify the suspension the no-look fee set forth in Local Bankruptcy Rule 2016-1(C)(3) in this case or in all cases filed by Ms. Gardner for a period of no less than six (6) months, and/or require the disgorgement of some or all of the compensation in this case, in accordance with the Court's duty to determine the reasonableness of the compensation awarded in this case and future cases filed by Ms. Gardner; and

(3) why she should not be sanctioned as set forth in Federal Rule of Bankruptcy Procedure 9011(c)(2) for violating Federal Rule of Bankruptcy Procedure 9011(b)(3) by submitting the Motion and Proposed Order to the Court, which contained inaccurate factual representations regarding the purchase of the air conditioning unit.

The Court further ORDERS that any responses to this Order be filed no later than November 27, 2018.

The Clerk shall deliver copies of this Order to Genene E. Gardner, Esquire; the Debtors; R. Clinton Stackhouse, Jr., Chapter 13 Trustee; and the Office of the United States Trustee.

IT IS SO ORDERED.

Nov 1 2018 /s/ Frank J. Santoro
FRANK J. SANTORO
United States Bankruptcy Judge

Entered on Docket: Nov 1 2018